Good morning. I'm Tim Zindel from the Federal Defender's Office representing Mr. Saetern, the appellant. I hope it's a relatively simple appeal, and I don't really want to reiterate what's in my brief, but let me turn first to the disparity issue and just isolate three examples. As I see the issue that I've raised here, the question is whether the Court erred at sentencing by interpreting Section 3553A to require a comparison between co-defendants in a case of sentencing and whether it gave then, having made that interpretation, gave undue emphasis. My argument is that the interpretation is inconsistent with the cases holding that that provision of Section 3553A is intended to address district-to-district or national or judge-to-judge disparities, not disparities within a case. Your argument is that under the 3500 sentencing factors, it's improper for a district judge to look at comparative and relative culpability of similarly situated defendants? I don't think that it's improper to look at it. But what happened in this case was that it became a controlling factor, and it was the Court's view of the disparity rather than so what you have, if I read from the examples that I've isolated, I think that it makes the problem clear. First, he – the Court said that it would compare each defendant to the others because, in his view, that is how 3553A applies here. And then later – There's nothing wrong with that, is there? If that's the first step, making the comparison. There's nothing wrong with that. There's nothing wrong with making the comparison. All right. Where the error comes is in viewing that as a necessary factor. It's not a necessary factor. There is a separate statute that places – that says there shall be no limit placed on the information that the Court consider – can consider. So I don't think the Court was wrong to consider it. But the Court specifically used it as a reason to reject any argument for leniency on behalf of Mr. Saturn because it was concerned with creating internal disparity in the case. That's where the Court erred. That's an irrelevant factor. Codefended disparity is not the kind – it's a – certainly, it is something that the Court may consider, just as it may consider the nature and circumstances of the offense. But it cannot use that to – as the guidepost for making sentencing decisions. I don't – it seems to be contradictory to say the Court can consider it, but it can't use it. Isn't that a contradiction? No. How can you consider it without using it? In this case, the Court declined to entertain Mr. Saturn's arguments for leniency because of his concern that it would create disparity with the other defendants. So it elevated disparity, which it had misinterpreted as meaning only codefended disparity, to the point where it became a controlling factor. I will not give Mr. Saturn 50 months because that's inconsistent with what I'm doing with Mr. Santos. Now, obviously, as a simple due process matter – Well, wait a minute. It's a – controlling could be used in a lot of different ways. But controlling in the sense that, well, you know, the law won't permit me to do otherwise is controlling in one sense. But to say, you know, in my judgment, I don't think it's – you know, it's a good ground. And in that sense, controlling, there's nothing wrong with that, is there? Well – As an exercise of discretion? Maybe I'm not being courageous enough in my argument. And maybe I should go further and say that it was – it is an improper factor. But I don't think that it is. I do think, from a rough sense of justice, a judge should be able to consider what he's giving relatively. Suppose in a hypothetical case that all other proper 3553 sentencing factors are simply not helpful. They're neutral. They don't cut one way or the other. But in this particular hypothetical case, there are – there is some differences in relative culpability among co-defendants. Are you saying that a district judge could not then base the sentence on that? Either higher or lower? Well, I'd like to answer yes. I mean, I do understand how the world works. And I think – I think that the judge – that that's something that judges should be able to consider. On the other hand, I don't think that you're going to find that hypothetical because disparities between co-defendants are something that are addressed by the guidelines factor of Section 3553A. And one of the problems here is that the relative culpability of the defendants is really already taken into consideration in setting their guidelines ranges. Because, for example, Mr. Santos, to whom the court was comparing Mr. Saturn, had a more serious criminal history. His was Category 4. Mr. Saturn's was Category 2, I think. Mr. Saturn was responsible for delivering more pills than Ms. Pack, who got the most lenient sentence. Mr. – nobody got a role adjustment in this case because each one operated essentially independently. But if they had been working concertedly, there would have been a role adjustment for the leader. Those are things that are subsumed in the guidelines. So really, by placing emphasis on the disparity beyond calculating the guidelines for the defendants individually, the court creates another problem. I wanted to also deal with my first issue, which is an important issue, and that is the court's basic refusal to make a factual finding when Mr. Saturn objected to the part of the pre-sentence report describing him as a legal permanent resident. Or citizen. Right. Later amended. Yeah. The information that I provided to the court at the time of sentencing consisted of an immigration attorney's declaration and the necessary documents to show that Mr. Saturn was lawfully admitted to the United States, that he was born abroad, he was admitted as a legal permanent resident. In 1996, his mother naturalized. That was before his 18th birthday. He was never legitimized. He was born out of wedlock. Both his parents were aliens. By operation of law, former Section 321 of the Immigration and Naturalization Act. You know, the way I read the rule, I think at least a strong argument can be made that that kind of question is not governed by Rule 32 because it has nothing to do, it doesn't affect sentencing. Well, it doesn't affect sentencing under Rule 32, but the advisory committee notes and this court's own precedents explain that the Bureau of Prisons uses pre-sentence reports I know the note says that, but still the rule doesn't say it covers those matters that are referred to by the Bureau of Prisons. It just says it only covers disputes that affect sentencing. I mean, that's the scope of the rule. That's correct. It actually requires the court to do two things, though. Either make the finding or say on the record that it's not going to regard that material. But only if it affects sentencing. In other words, suppose you had a dispute. You said, well, you know, my client says it wasn't raining on that day, so I want that tricking from the pre-sentence report. It doesn't affect sentencing, does it? The court doesn't have to rule on that. It may. If it, if it. In this case, I think it probably did not affect sentencing, but the court also did not make the required finding. Rule 32a. Under the rule, it doesn't have to make a finding if it doesn't affect sentencing. No, I think under the rule, I believe the rule says that the court must make an affirmative finding or state that it will not consider the matter in imposing sentence. I may be mistaken about that. No, but what you infer from that is the rule only covers disputes that affect sentencing. It doesn't cover other disputes. I may have misunderstood the rule. Has any court extended the rule to the service of sentence? To the service of sentence. I believe that this court has done so in a 1985 case. And I was just going to check the citation. It is in the brief. I know that the court at least noted the importance of. I think we all know that, that, you know, the Bureau of Prisons, you know, they, they depend on the report to classify prisoners, you know, to kind of assignments they give them and all kinds of other things. But still, it's hard to view the rule as requiring those kinds of disputes to be, to be settled. I believe it's in my reply brief, the Ninth Circuit case that talks about the need to. It's the United States versus Petito from 1985. Versus who? Petito, P-E-T-I-T-T-O. The primary purpose of the rule is to ensure that the pre-sentence report used by the Bureau of Prisons be as accurate as possible and lets the court make explicit findings and attaches them to the report. Even if it finds the challenged allegation untrue and does not rely on it, prison or parole officials may subsequently receive the uncorrected report and rely on the false allegation in correctional or parole decisions. That possibility is precisely what Rule 32C3D, that's the former subdivision, seeks to prevent. And I do want to alert the Court that the Bureau of Prisons, because the report describes Mr. Satron incorrectly as a possible noncitizen, has placed an immigration detainer on him. His citizenship certificate application is on hold because the local office where it was filed won't go down to Lompoc to interview him. If the court reverses and at least sends it back for a hearing, I can have him interviewed and get his certificate of citizenship and I hope solve that problem because down the road what may happen to him is he, I believe that he's not going to be placed in the 500-hour drug treatment program. And under the 3621 now, there's an incentive for completion of that program, which is a year off the sentence. So he may wind up doing an extra year in prison because Judge Levy didn't make a very simple factual finding that at the time was undisputed and I think will be undisputed. Suppose he just struck that entire sentence from the report. Would that be sufficient? No, because he says I can't make a determination, and if that's the case then maybe the solution is to strike the sentence so there's no reference at all to it. Would that satisfy you? I don't think that would satisfy me because I'd still be afraid of the Bureau of Prisons. But they're ignoring a court order? No, but they would make their own determination. Well, that's something that's in every report. They're going to look for that. What is? It's like a name and address. Citizenship is in every report? Okay. Thank you. We took you over your time. Hear from the government at this time. Mr. Reardon? Good morning, Your Honors. May it please the Court. My name is Kyle Reardon. I'm an assistant United States attorney in the Eastern District of California. Isn't the citizenship status the defendant is talking about here pretty much automatic? Correct, Your Honor. Citizenship is conferred when someone is situated in the defendant's position, i.e., his mother acquires citizenship and he's under the age of 18 and has lawful residence in the country. However, the issue in this case and the issue with which Judge Levy wrestled in making his sentencing determinations was, one, does he, in fact, have the authority to make that finding? And, two, a finding was, in fact, made. The statement, he is a lawful permanent resident or a citizen. You mean a non-finding was made? Finding or non-finding, but a finding was made. The either or, that is an actual finding. He's a lawful permanent resident or he's a citizen. Does the government have any evidence to suggest that the two predicate factual statements the defendant is making with regard to citizenship are not correct? The two predicate factual statements that he makes in his brief and here today are not correct. There's no evidence that the government has at this time. However, again, the evidence that the government has at this time is different than what Judge Levy had at the time of sentencing. What Judge Levy had at the time of sentencing is an alien file which did not show Mr. Saturn, the defendant, to, in fact, be a citizen. Judge Levy, as an Article III court, correctly assumed that and correctly decided that he does not, in fact, have the authority to do what an Article I executive agency. That's not correct at all. Well, he doesn't have the authority to make him a citizen, but he has the authority to make a ruling at least as far as what happens in the Bureau of Prisons is concerned, doesn't he? He does. If he has ---- Hey, you know, I find that he is a citizen, although obviously I understand this is not binding on, you know, I.C.E. or something like that, right? He does, if he has evidence to support that decision. Well, I have evidence. There's a defendant's declaration. But that declaration is counterbalanced by the official Immigration and Customs Enforcement, or INS at that time, by their file showing that this defendant was not, in fact, a citizen. He could still make a finding. Judges make findings on disputed facts all the time. Correct. And Judge Levy found, based upon the evidence that he had ---- It's like finding somebody. Well, I find you guilty and not guilty, right? It's that kind of finding, isn't it? Slightly different, given the context that it's made. He's refusing to make a finding. It's the government's position that he is, in fact, making a finding. And he's making a factually correct finding based upon the evidence that he has before him, that Mr. Satern is either a lawful permanent resident based upon the immigration file and the pre-sentence report that has been given to him by the probation office, or he is a lawful or he's a citizen, which is based upon the evidence and the legal conclusions of a privately retained immigration attorney, as well as documentation that supports some conclusion, but, again, doesn't rise to a level which is enough to cause Judge Levy to disregard and ignore and make a contrary finding to what's contained in that PSR. Well, he wants to make that finding. He can say that, you know, based upon the evidence before him. I find that he's not a citizen. He could make that finding. You know, that's just an assessment of the fact, but he didn't do that. He did not. He made a finding based upon what he had before him. And, in fact, he made a finding which, given what he had before him, is really the best finding that the defendant could hope for. Counsel, getting back to Judge Hoffman's very good question, it is undisputed that he was born of this mother. Correct. Yes, Your Honor. And it's undisputed that she was not married. And it's undisputed she became a citizen. How can he make the finding that this man is only a legal permanent resident? There's no evidence for that now with those three findings, if they're undisputed. By automatic operation of law, he's a citizen. He could make that finding because of what is contained in the INS or ICE now and what is in their files. If that is – if – and I'm taking your word that these facts are undisputed, right? Those facts are undisputed, yes, Your Honor. Then you can't consider some disputing evidence in a file because it's in a file. If it's undisputed, it's undisputed. But they're undisputed here today with what we know and what we have here today. What Judge Levy had at the time – Can't we correct Judge Levy? Certainly, Your Honor. You certainly can do that. But what Judge Levy had at the time before him was that alien file and he had that letter from a private counsel. He had a certificate of naturalization and he had a photocopy of the defendant's screen card, his lawful permanent resident status. None of that in and of itself, without drawing the legal conclusion which Judge Levy correctly refrained from doing, without drawing a legal conclusion that he is a citizen and essentially conferring citizenship upon him. Not essentially conferring citizenship. Conferring citizenship for the purpose of the Board of Prisoners to consider him for one program rather than another. But Judge Levy does not have the power to confer citizenship in this case. Thank you. It's Judge Levy sitting as a sentencing court. He doesn't confer citizenship in the sense that if ICE were to take some kind of action, you know, you can't bring this before ICE and say, well, you know, the government has collaterally stopped or something like that, can you? He's not conferring citizenship. There are certain states. Suppose ICE took the position while he's not a citizen and they started, say, removal proceedings. You can't, you know, present Judge Levy's findings and say, well, the government has stopped because, you know, it's race judicata or something like that. It's not a finding in that sense, is it? It's not a legal determination that's binding on the government. Not in that sense, no, Your Honor. Then what's the problem? The problem is that, again, given what Judge Levy had before him at the time he made that he is a lawful permanent resident or a citizen, it is a factually accurate finding under the rule. First of all, he found that he was a lawful permanent resident, right? That was the first thing he said, yes, Your Honor. And then after further consideration, he modified that sentence to say lawful permanent resident or citizen, correct? Correct, Your Honor. What happened in between? What happened in between was some evidence of citizenship was presented by Mr. Saturn and his defense counsel. Again, this letter, this declaration, the certificate of naturalization and this green card. There's no question in this case, is there, but that the defendant contested the factual statement in the PSR, is there? The factual statement of alienage? There is no question in the answer, yes, Your Honor. What is your position on whether the rule covers this kind of dispute that doesn't affect the actual sentence itself? The Ninth Circuit has said that disputes must be resolved. The judge must either make a finding or he must state that it will not be considered on the record. However, other circuits have said that even though it doesn't affect sentence? Even though it doesn't affect sentence, yes, Your Honor. The government will concede that point. That is irrelevant. Petito? Petito or cases that follow Petito? Yes, Your Honor. Petito in the line of cases that follow. Now, the Seventh Circuit and some other circuits have said that materiality is a factor to consider in terms of whether or not a judge must make a finding under Rule 32. But for the Ninth Circuit and for our purposes here today and at the time Judge Levy made his sentence, that was the law of the circuit. Yes, Your Honor. Okay. Let me ask one question. The question raised about the sentencing disparity really goes to, I think, how we should review reasonableness. Do you think we should wait until we hear from, I guess Claiborne's gone, but hear on Rita and whatever other case there is before we decide that issue? Those will certainly be relevant to any decision that the Court makes. The Court is correct in saying that the case essentially boils down to an issue of reasonableness. And as the Court correctly pointed out in their questions to Mr. Zendel, Judge Levy's reasonable sentence in this case was governed by his desire to affix an appropriate sentence to each of the defendants. And so the reasonableness inquiry is an appropriate one for this Court. And it may be influenced by pending cases that may come down, Your Honor. Okay. Thank you. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Hawkins, Tashima, Bea